## KNIGHT v. SACKETT & WILHELMS LITHOGRAPHING CO.

*(Superior Court of New York City, General Term. July 5, 1892.)*

1. NEW TRIAL—CODE CONSTRUCTION—JUDGE'S MINUTES.
   Code Civil Proc. § 999, providing that "the judge presiding at a trial by a jury may, in his discretion, entertain a motion, made upon his minutes, * * * to set aside the verdict, or a direction dismissing the complaint, and grant a new trial upon exceptions," applies only to jury trials.

2. CONVERSION—LITHOGRAPHIC STONES—EQUITY.
   The H. Lithographic Company contracted with plaintiff to put certain drawings on stones, the impressions to be the property of plaintiff. The stones, remaining the property of the H. Lithographic Company, were by it mortgaged and passed by foreclosure sale to defendant, who had no knowledge of the arrangement between plaintiff and the H. Lithographic Company. *Held,* that plaintiff could not maintain an action for conversion, he having no title to the stones, the impression thereon being a mere incident, and his remedy being in equity.

3. SAME—TITLE.
   Plaintiff could not acquire title to the stones by a mere offer to pay defendant their value, which offer was refused.

4. DISMISSAL OF COMPLAINT—PLAINTIFF'S SHOWING.
   Where a complaint is dismissed on plaintiff's showing, without any findings, it is not a dismissal on the merits.

Appeal from jury term.

Action by Samuel I. Knight, as president, etc., against Sackett & Wilhelms Lithographing Company. From a judgment dismissing the complaint, after trial of the issues by a judge without a jury, and from an order denying plaintiff's motion for a new trial, plaintiff appeals. Modified.

Argued before FREEDMAN, DUGRO, and GILDERSLEEVE, JJ.

*Wm. O. Campbell,* for appellant. *Smith, Bowman & Close,* for respondent.

FREEDMAN, J.· The motion for a new trial was made on the minutes of the trial judge upon the grounds specified in section 999 of the Code of Civil Procedure.[1] But the trial had been by a judge without a jury by consent of the parties. The section referred to in express language applies only to jury trials. The order appealed from must therefore be affirmed, irrespective of the reasons for which it was made. Upon the appeal from the judgment it must be held that the complaint was properly dismissed for the failure of the plaintiff to establish title to the stones. The action being for conversion, the plaintiff was bound to establish title. The stones must be regarded as the principal, and the impression as a mere incident, The plaintiff could not acquire title to the stones by a mere offer to pay their value, which was refused. The contract of the plaintiff was with the Hatch Lithographic Company, and the latter, and not the defendant, agreed to put upon certain stones certain drawings of the plaintiff, and that the impressions were to be the property of the plaintiff, and were to be used exclusively for the benefit of the plaintiff. But

---

[1] Code Civil Proc. § 999, provides that "the judge presiding at a trial by a jury may, in his discretion, entertain a motion, made upon his minutes, * * * to set aside the verdict, or a direction dismissing the complaint, and grant a new trial upon exceptions."

the Hatch Lithographic Company remained the absolute owner of the stones, and was lawfully in the possession of them. It was conceded by the plaintiff that, after the making of said contract, the Hatch Lithographic Company, while so in possession, mortgaged the stones; that the mortgage was foreclosed; that on the sale the stones were purchased by Fuchs and Lang; and that the defendant purchased from them. It nowhere appears that the defendant company, at the time it acquired title to the stones, had any knowledge or notice of the arrangement between the plaintiff and the Hatch Lithographic Company. Under those circumstances, conversion cannot be maintained by the plaintiff against the defendant, based upon a mere refusal to deliver up the impressions, because a delivery of them cannot be made without giving up the stones. Nor is a mere refusal to permit a transfer to be made sufficient to sustain the action. Conversion would only lie, if at all, upon proof of the destruction of plaintiff's interest in the impressions. Short of that, and under the special circumstances of this case, plaintiff's remedy against the defendant is in equity. Moreover, the plaintiff clearly has a good cause of action against the Hatch Lithographic Company for breach of contract.

The authorities cited by plaintiff's counsel have been duly examined, but they do not call for reversal. However true it may be, as a general rule of our law of personal property, that no man can be divested of his property without his own consent, and that consequently even a *bona fide* purchaser from a person in the possession of property, who has no title to it, and no authority whatever from the owner to sell or dispose of it, cannot acquire any title against the true proprietor, there are in fact numerous exceptions to the rule. Thus the law will in many cases imply an authority from the owner to sell, and where the owner has conferred an apparent right of property upon the vendor, or an apparent right of disposal, and has furnished the vendor with the external *indicia* of such right, and the vendor has sold the goods and delivered the possession thereof, the law will protect a purchaser who has acquired the property for a fair and valuable consideration, in the usual course of trade, and without any notice of any conflicting claim, or of suspicious circumstances calculated to awaken inquiry or to put him on his guard, although the goods were in fact obtained by the vendor from the true owner fraudulently. In the case at bar the difficulty with the claim of plaintiff's company is that the said company saw fit to expend its money for impressions upon stones under a contract with a third party without acquiring title, or the right of immediate possession, to the stones themselves. For the reasons stated the complaint was properly dismissed, but as the dismissal was upon plaintiff's own showing, and without making any findings, it should not have been upon the merits. The judgment should therefore be modified by striking out the words "upon the merits," and, as thus modified, affirmed. The affirmance of the judgment, as modified, should be without costs upon this appeal, but, the respondent may have $10 costs and disbursements upon the affirmance of the order. All concur.