Beekman, J.
The plaintiff claims that she executed a deed of certain property without knowledge of the fact, but believing, that the paper she was signing was her will,—a belief which she charges was induced by representations made to her by her husband, who profited by the transaction. This action was brought to set aside the conveyance, and, the husband being then deceased, the devisees under his will were made parties defendant. At the close of the plaintiff’s case a motion for a nonsuit was made, which was denied, to which exception was taken. The defendants then went into their proofs, which were sharply antagonistic to those of plaintiff, and upon the close of the whole case a motion was made by the defendants to dismiss the complaint on the merits, which was denied. To this ruling no exception was taken. The trial judge, having then taken the case under advisement, made the following decision, which, omitting the preamble, reads as follows:
“ Findings of fact: That the plaintiff herein, Anna Maria Franck, has failed to establish her case by a fair preponderance of the evidence. Conclusions of law : (1) That the plaintiff ■herein, Anna Maria Franck, has failed to establish her case by a fair preponderance of the evidence. (2) That the complaint herein should be dismissed, but not upon the merits, and without costs to said defendants or either of them, and that judgment be entered accordingly.”
This so-called finding of fact was made pursuant to a request so to do tendered by each of the appellants, and was the only finding of fact, as such, which they asked the trial judge to make, and its repetition as a conclusion of law was also requested by *104 them. The trial judge was also requested to find as a conclusion of law that the complaint should be dismissed on the merits, which he refused to do, and exception was duly taken to this tuling, as well as to the so-called “second couclusion of law,” which was embodied in the decision rendered and filed. The judgment entered by direction of the trial judge adjudged “ that the complaint of the plaintiff herein be dismissed, and that said plaintiff be nonsuited, but not upon the merits, and without prejudice and without costs to either party as against the other, and that said defendants and each of them have judgment accordingly.” Each of the defendants Christian A. Franck and Alphonsus A. Franck has appealed from so much of the judgment “as decrees, decides, and'adjudges that the dismissal of the complaint be ‘ not upon the merits and without prejudice’; and also from so much and such part of said judgment and decree as decrees, decides, and adjudges that such dismissal of the complaint be without costs to said defendant." The notices of the appeal, however, expressly state that the appellants do not appeal from so much of the judgment as decrees, decides, and adjudges that the complaint be dis.missed. The defendant Kraeht has appealed from the judgment as a whole. The cause was tried and judgment rendered before chapter 688 of the Laws of 1894, amending section 1022 of the Code of Civil Procedure, was passed.
We do not think that the so-called “findings of fact" was such a finding, within the meaning of that section. It is true, taken as it stands, it expressed a stage in the mental process of reaching a conclusion upon the facts which logically should have led to a finding of the facts themselves against the plaintiff; but the facts were not so found, and we have no power to supply the deficiency. Preponderance of evidence is, ex vi termini, superior weight of evidence, and necessarily presupposes proof on each side sufficient, considered by itself, to'support the allegations to which it relates. The weighing of the whole evidence is the function of the trial judge in equity cases, and of a jury in common-law cases, and involves a consideration of the credibility of witnesses, the probabilities of the case, and the marshaling of evidentiary facts in their true relations, all leading up to a conclusion as to the ultimate facts upon which the judgment of the court is to be placed. In short, the quantum of proof is sufficient; it is the quality of the proof which enters into the question of its weight. If the quantum of proof is sufficient, a nonsuit cannot be granted, but a decision upon the merits should be made. If the evidence does not preponderate, but stands equally balanced, the allegations of the party who has tendered the issue must be deemed to have been fully met by his opponent, and the facts should be determined against him. This, however, was not done in the present case. Had the appellants presented proper requests to find, or perhaps if they had excepted, to the denial of the motion to dismiss the complaint on the merits made' at the close of the case, and had they also appealed from the judgment as a whole, we might have afforded them proper relief, but the condition of the record is such that the only question we can determine is whether *105 the decision was such as to warrant a dismissal on the merits. How can we so determine, in the absence of findings of fact in the decision which are necessary to support such a conclusion ? The only “ finding of fact,” so called, in the decision, was the one, and the only one asked for by the appellants, and that is not sufficient on which to rest the direction for judgment which they asked. We cannot supply findings of fact which the trial judge has not made. The appellants contend that there is authority for the correction of the judgment, which they ask, and refer us to the cases of Knight v. Sackett and Wilhelms Lithographing Co., 46 St. Rep. 866, and Beach v. Cooke, 28 N. Y. 508, at paige 538. In each of these cases, however, the court was controlled by the condition of the record in relation to findings of fact. In the case of Knight v. Lithographing Co. the judgment appealed from was in terms a dismissal of the complaint on the merits. The appellate court corrected the judgment by striking out the words “on the merits,” saying: “ As the dismissal was upon the plaintiff’s own showing, and without making any findings, it should not have been upon the merits.” The absence of findings thus contributed to the conclusion that the dismissal was not upon the merits. In the case of Beach v. Cooke, snpra, the court of appeals conceded the power of the appellate court to correct a judgment which was inappropriate without sending the case back for a new trial, but predicated its decision upon the existence df findings of fact, and confined the power of the appellate court to framing a new judgment in harmony with the correct legal conclusions to be drawn from the facts so found in the court below. The-record in the case at bar closely approaches the conditions which existed in Knight v. Lithographing Co. Here, as there, proper-findings of fact are absent, and we have therefore nothing upon which we camproceed in order to make the desired correction. In fact, the judgment as it stands is more consistent with the record than if it had been made upon the merits. The situation is largely of the appellants’ own making, and they cannot, therefore, justly complain of the barrenness of their appeal. We are-not inclined, however, to give costs to the respondent, especially as no costs were awarded against her below. The judgment should therefore be affirmed, but without costs of this appeal.
All. concur.